# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CHESTER DANIEL-RICHARD MOORE,

       Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No. 314311
Wayne Circuit Court
LC No. 12-007331-FH

Before: O'CONNELL, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for third-degree criminal sexual conduct, MCL 750.520d(1)(a) (sexual penetration with a person at least thirteen years of age and under sixteen years of age). We affirm.

## I. FACTUAL BACKGROUND

In June of 2009, the victim met defendant at her younger brother's birthday party. Defendant, a friend of the victim's father, had two children who were close to her brother's age. The victim was 15 years old at the time. About two months after the party, she brought her younger brother to defendant's apartment so that he could play with defendant's sons. She testified that, while there, she went into defendant's bedroom and he pushed her onto his bed, pulled her pants down, and vaginally penetrated her with his penis. She said that although she was screaming and trying to get away, she was unable to do so. She said that he stopped after he ejaculated. She then grabbed her brother and went home. When she told her father what happened, he accused her of lying.

Between August and September of 2009, defendant texted the victim, telling her that she was "gorgeous" and asking when he could see her again. The victim texted him back sometimes. She said that she developed a crush on him. Then, in September of 2009, she went back to his apartment. This time she said she had consensual penile-vaginal intercourse with defendant. After that incident, the victim continued to see defendant regularly and they continued to have a sexual relationship. In December of 2010, the victim became pregnant with defendant's child. She was sixteen at the time. In April of 2011, she told her mother about her relationship with defendant. However, she testified that she lied and told her mother that she was 16 when she started having sex with defendant. The victim gave birth in August of 2011. Subsequently, she disclosed to a Child Protective Services (CPS) worker that she was 15 the first time she had sex

-1-

with defendant. At all times, defendant proffered a defense that his sexual contact with the victim only occurred after she was 16 years of age.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that defense counsel was ineffective for failing to call defendant's stepfather, David Wilkewitz, as a witness. We disagree.

Because a *Ginther*[1] hearing was held on this issue, it is preserved for review. *People v Payne,* 285 Mich App 181, 188; 774 NW2d 714 (2009). "A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id.*

At the *Ginther* hearing, Wilkewitz testified that sometime in the summer of 2010, he was helping defendant carry groceries into defendant's apartment. When they walked in, he said the victim shouted something like "I'm legal now, we can do it" or "Surprise, I'm legal now, now we can do it." Wilkewitz said she was wearing very little and that when she saw him she ducked around a corner. He said he put the bags down and left. Wilkewitz said that he told defense counsel about the incident a couple of times and that he believed he was going to be a witness at trial. Defense counsel testified that he remembered Wilkewitz telling him about the incident. He said that Wilkewitz also told him that because Tuesday was Election Day, he would be unable to attend the trial because he worked at the polls. Defense counsel said he told Wilkewitz that he could come on Wednesday; however, both the prosecution and the defense rested on Tuesday and defense counsel did not mention Wilkewitz. Defense counsel apparently sought to reopen the proofs on Wednesday, but the trial court denied his request at a sidebar. Defense counsel said that he rested without mentioning Wilkewitz's testimony because he had "forgot about" him and did not even consider his testimony at that time. The trial court found that defendant failed to establish that he was denied effective assistance of counsel because defense counsel's failure to call Wilkewitz was not outcome determinative. Defendant asserts that Wilkewitz's testimony would have impeached the victim's credibility by establishing that she lied about a crucial issue, i.e., her age at the time of their first sexual encounter.

To establish ineffective assistance of counsel, defendant "must show that his attorney's representation fell below an objective standard of reasonableness and that this was so prejudicial to him that he was denied a fair trial." *People v Toma,* 462 Mich 281, 302; 613 NW2d 694 (2000); *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

In order to establish that defense counsel's performance was deficient, defendant must overcome a strong presumption that defense counsel's performance constituted sound trial

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

strategy.  *People v Carbin,* 463 Mich 590, 600; 623 NW2d 884 (2001).  Whether to call a witness is presumed to be a matter of trial strategy.  *People v Russell,* 297 Mich App 707, 716; 825 NW2d 623 (2012).  Here, defense counsel testified at the *Ginther* hearing that he did not call Wilkewitz as a witness because he simply forgot about Wilkewitz.  Assuming *arguendo* that defense counsel's performance was deficient for failing to call Wilkewitz as a witness, defendant cannot meet the second requirement of showing a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.  First, the victim testified that she had been lying to people about her age when she first started having sex with defendant because she did not want to get defendant in trouble; however, she was very clear that the sexual relationship started in August of 2009, when she was only 15.  Both the victim and her mother were thoroughly cross-examined on this issue.  Next, in addition to the victim's testimony about her sexual relationship with defendant, there was also evidence from another witness who testified that when she was 14 she engaged in a sexual relationship with defendant.  Additionally, Wilkewitz's testimony at the *Ginther* hearing about the victim's alleged statement and behavior sometime in the summer of 2010 does not actually catch the victim in a lie; in fact, it supports the prosecutor's theory that defendant and the victim had a preexisting sexual relationship that started when the victim was 15.  Based on Wilkewitz's testimony, the jury could infer that by the time the victim was 16, defendant's relationship with the victim was intimate enough that she felt comfortable being in his home while he was away wearing nothing but a teddy.  Further, her alleged statement that she was legal and could now "do it" with defendant could be interpreted as a sardonic acknowledgment that their previous sexual intercourse was illegal.  Considering the foregoing, defendant has not demonstrated a reasonable probability that trial counsel's failure to call Wilkewitz deprived defendant of a substantial defense.  Finally, at the *Ginther* hearing, the trial court found that Wilkewitz's testimony was only partially credible.  The court noted that Wilkewitz was defendant's stepfather, that he did not remember specific dates, and that he testified to different versions of the victim's alleged statement.  A trial court properly may evaluate credibility when deciding a motion for a new trial and deference should be accorded its opinion.  *People v Cress,* 468 Mich 678, 691; 664 NW2d 174 (2003).  It is likely that Wilkewitz's own testimony would have been seriously impeached.  Accordingly, after reviewing the entirety of the record, we remain unconvinced that there is a reasonable probability that the outcome of the trial would have been different, but for defense counsel's error.  *Toma,* 462 Mich at 302-303.

### III.  PROSECUTORIAL MISCONDUCT

Defendant next argues that he was denied a fair trial by three instances of prosecutorial misconduct.  We disagree.

Because defendant did not timely and specifically object to the alleged instances of prosecutorial misconduct the issue is unpreserved.  *Brown,* 294 Mich App at 382.  Unpreserved prosecutorial misconduct claims are reviewed for plain error affecting the defendant's substantial rights.  *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004).  "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *People v Bennett*, 290 Mich App 465, 475-476; 802 NW2d 627 (2010).  Moreover, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect."  *Id*. at 476.  "Prosecutorial comments must be read as a whole and evaluated in the light of

-3-

defense arguments and the relationship they bear to the evidence admitted at trial." *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008).

Defendant first argues that the prosecutor committed misconduct during closing argument when she made the following statement:

> This man knows exactly what he's doing. And I'm going to suggest to you that it's predatory conduct on young girls just are not sophisticated, maybe lack self-esteem.

However, a prosecutor is free to argue the evidence and all reasonable inferences arising from it. *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). Here, the evidence showed that in two instances defendant engaged in sexual relationships with girls who were under the age of 16. In both cases, he communicated with them using the telephone before initiating a sexual relationship. In both cases, the girls believed that they loved defendant and would have a long-term relationship with him. It is reasonable to infer, based on the testimony about defendant's actions, that he was engaged in predatory conduct. Accordingly, although colorful, the prosecutor's comments were not improper.

Defendant next argues that the prosecutor committed misconduct during closing argument when she made the following statement:

> If you think this is a victimless situation, think again. The problems it caused with their parents, with their—it hasn't hit [the victim] yet, but [the other girl] told you how it makes her feel now, the regret she has now.
>
> Now, we have a child, a fatherless child . . . . The ripple affect [sic] of what this man has done, this is not a victimless situation.
>
> You've got a young girl who sat up here and just got a job at a fast food restaurant on Tuesday. You tell me how she's going to take care of that child. Who's going to take care of that child, who's going to raise that child. That's another victim. You might not like the law but I'm asking you to stick to this case.

Further, during rebuttal argument, the prosecutor argued:

> [Defendant] has not been held accountable. He wasn't held accountable [in the case with the other girl] but he needs to be held accountable now.

A prosecutor may not appeal to the jury to sympathize with the victim. *Id*. at 237. Similarly, the prosecutor may not appeal to a jury's sense of civic duty. *Id*. Here, the prosecutor's closing comments went beyond the issue of defendant's guilt or innocence and appealed to the jurors' sympathy and sense of civic duty; however, defendant cannot establish that he was prejudiced by the prosecutor's arguably objectionable statements. The statements, brief and isolated in nature, likely did not "deflect the jury's attention from the evidence presented in this case." *Id*. Moreover, the trial court instructed the jury that they had to decide the case based upon the evidence and that the attorney's arguments were not evidence. Further, the court instructed the

jury that it must not allow its decision to be influenced by sympathy. Jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Considering the isolated nature of the prosecutor's comments and the instructions given to the jury, defendant's right to a fair trial was protected. *Unger*, 278 Mich App at 240-241. Consequently, defendant has failed to establish that the prosecutor's comments affected his substantial rights. Further, because defendant cannot show that he was prejudiced by the prosecutor's comments, his concomitant claim that trial counsel was ineffective for failing to object to the comments must similarly fail. *Thomas,* 260 Mich App at 457.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood