# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132578
& (14)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS JOSEPH DeLAZZER,
      Defendant-Appellant.

SC: 132578
COA: 271708
Jackson CC: 06-003063-FH

_____/

On order of the Court, the application for leave to appeal the October 9, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. The motion to remand this case to the trial court is DENIED.

WEAVER, J., dissents and states as follows:

I dissent because I disagree with the majority's decision to remand this case to the Court of Appeals to determine whether the trial court articulated "a substantial and compelling reason" for this particular upward departure from the sentencing guidelines. I would deny leave to appeal on the basis that the trial judge gave a substantial and compelling reason for departure from the sentencing guidelines by explaining that this is defendant's sixth felony for a fraud type of crime and defendant clearly has not been rehabilitated. The sentencing guidelines enacted by the Michigan Legislature permit upward and downward departures:

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure. [MCL 769.34(3).]

Remanding and demanding that the Court of Appeals spend time considering whether the trial court satisfied its requirement to articulate "a substantial and compelling reason" for the sentencing departure, or whether the sentence was proportionate, is a waste of judicial resources. [1]

For these reasons, I dissent from the order remanding this case to the Court of Appeals and I would deny leave to appeal.

CORRIGAN, J. dissents and states as follows:

I respectfully dissent from the majority's decision to remand this case to the Court of Appeals for consideration as on leave granted. I am not convinced that we must order the Court of Appeals to further review defendant's claim that the trial court failed to articulate a substantial and compelling reason for its upward departure from the sentencing guidelines.

Defendant took checks from the victim, Rita Rex, and fraudulently wrote checks for $2,250. He pleaded guilty of one count of uttering and publishing and of being a second-offense habitual offender in exchange for the dismissal of another count of uttering and publishing and a habitual offender, fourth, supplement. At the plea hearing, defendant admitted that he had taken a check and cashed it, knowing it to be a bad check.

The sentencing guidelines called for a minimum sentence of 7 to 30 months. The court departed from the guidelines and imposed a sentence of 10 to 21 years. The court noted that defendant had an extensive criminal history, having committed six fraud-related crimes. The court had obtained defendant's criminal records dating back to 1987, which showed that he had paid considerably less restitution than he claimed to have paid. The court also noted that the victim had suffered severe financial consequences, including bounced checks, as a result of defendant's actions. Moreover, defendant was on parole when he committed the offense in this case. In light of defendant's criminal history, the court stated:

> I am concerned that while you're on parole, you wind up doing the same type offense that you've done for a great majority of your life. That is you gained the confidence of someone and then you obtain their credit cards, you obtain their checks, or you steal their checks and take advantage of them. That's been going on for some period of time and seems to be a regular pattern and we would like to believe and the whole theory of being

---

[1] In *People v Babcock*, 469 Mich 247, 282 (2003), I agreed with Justice Corrigan that the majority's approach in that case would result in the remand of innumerable cases and "create needless additional work for an already overburdened trial bench." It is apparent it will also create needless additional work for the Court of Appeals.

> on parole is, you're on your good behavior. If we can't trust you to be on your good behavior while you're on parole, we can't trust you, ever, to be on your good behavior. At least that's the way it looks to me. The guidelines call for a minimum sentence of 12 to 30 months. The Court's deviating over the guidelines, as the guidelines, in the Court's opinion, do not adequately reflect that this is your sixth felony for a fraudulent type of crime. You're a scam artist who continues to scam citizens out of their money and/or property even while on parole status. You have not become rehabilitated even though you served, apparently, several prison sentences. And if you were released today, I'm satisfied you'd pull the same thing once again.

The court also completed a departure evaluation form that provided these reasons for departing from the guidelines range:

> 1. Guidelines do not adequately reflect that this is defendant's 6th felony for a fraud type of crime—defendant is a scam artist who continues to scam citizens out of their money and/or property even while on parole status. Defendant has not become rehabilitated even though having served several prison sentences.

> 2. I am persuaded that the Defendant should serve the sentence I have rendered and it is my intention that this sentence be sustained if an appellate court determines that any of my rationales [sic] for departure survive review.

The majority fails to explain why the Court of Appeals must undertake further review of this matter, nor does the majority explain why it questions whether the sentencing court's articulation was sufficient under *People v Babcock*, 469 Mich 247 (2003). The sentencing court explained why it imposed this particular departure.

Therefore, I am not persuaded that a remand is warranted where: (1) defendant was on parole at the time he committed this offense, and the guidelines do not account for the fact that he has committed six fraud-related crimes since 1984;[2] (2) defendant has not paid restitution for his crimes to the extent that he claimed, and he appears to have owed approximately $16,000 in restitution for his crimes; (3) the victim has suffered severe financial consequences as a result of defendant's actions; and (4) the sentencing court concluded that defendant would likely continue to commit fraud-related offenses given his extensive criminal history.[3]

---

[2] A defendant's continual commission of the same crime is a substantial and compelling reason to depart upwards. See *People v Solmonson*, 261 Mich App 657, 669, 671-672 (2004).

[3] I also note that defendant had a prior conviction for escaping from prison.

For these reasons, I respectfully dissent from the order remanding this case to the Court of Appeals for consideration as on leave granted.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2007

_Corbin R. Davis_
Clerk