# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LAWRENCE MICHAEL HINTON,

       Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 319137
Calhoun Circuit Court
LC No. 2013-002116-FH

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions following a jury trial of fleeing and eluding, MCL 257.602a(3), and two counts of assaulting, battering, resisting, obstructing, or opposing a police officer, MCL 750.81d. He was sentenced as a fourth habitual offender, MCL 769.12, to serve 60 to 228 months' imprisonment for the fleeing and eluding conviction and 46 to 180 months' imprisonment for the resisting or obstructing convictions. We affirm.

On June 27, 2013, Battle Creek Police Officer Benjamin Clark observed a white Lincoln Continental with an expired registration sticker. Officer Clark, who was in full uniform and was driving a marked police cruiser, pulled behind the car and turned on his emergency lights to affect a traffic stop. However, the vehicle did not stop. Instead, it turned onto a different street and accelerated to 35 to 40 miles per hour. Officer Clark activated his air horn and emergency sirens and pursued the vehicle, which continued at the same speed for some time and then pulled over. Officer Clark exited his police cruiser and verbally commanded the driver—whom he later identified as defendant—to stop running the engine of his vehicle. However, defendant proceeded to drive away. Officer Clark reactivated his sirens and followed defendant. Defendant pulled over again, this time "making a lot of . . . movements inside the car." Based on his training and experience, Officer Clark suspected defendant was trying to hide weapons or contraband. Officer Clark approached defendant with his firearm drawn. He gave defendant loud commands to exit his vehicle with his hands up. However, defendant reached his hand through the open window, "flipped" Officer Clark off, and then drove away at a high rate of speed.

A second police officer in a separate marked police cruiser joined the pursuit. Both police cars had their lights activated. Defendant once again pulled over. The second officer pulled alongside the driver's side of the vehicle while Officer Clark pulled his vehicle behind

-1-

defendant's car. Both officers approached defendant with their firearms drawn, giving loud commands for him to show his hands. Defendant did not comply. The second officer attempted to gain control of defendant's hands, but defendant resisted. Officer Clark explained that it appeared defendant was attempting to drive away yet again. Defendant was eventually extracted forcibly from his vehicle, handcuffed, and taken to jail.

Defendant was charged as a fourth-habitual offender with one count of fleeing and eluding a police officer, one count of possession of cocaine, second offense, MCL 333.7403(2)(a)(*v*), and two counts of resisting or obstructing a police officer. Defendant waived his right to a preliminary examination in exchange for a plea offer. Pursuant to the offer, the prosecutor was prepared to dismiss the fourth-habitual offender notice and both charges of resisting or obstructing a police officer. The offer was again extended after the preliminary examination, but defendant did not accept it. Before trial, the prosecutor dismissed the possession of cocaine charge. Trial proceeded, and defendant was convicted as indicated above.

On April 7, 2014, defendant filed a motion to vacate his convictions and reinstate the plea offer. He asserted that he received ineffective assistance of counsel in conjunction with the plea-bargaining process and requested that the trial court hold a *Ginther*[1] hearing. The parties stipulated that an evidentiary hearing should be held before argument on defendant's motion. At the *Ginther* hearing, defendant's trial attorneys, Niels Magnusson and James Jordan, testified that they discussed the plea offer with defendant on multiple occasions. Attorney Jordan testified that he went over the sentencing guidelines with defendant both under the plea agreement and under the scenario of convictions being rendered on all of the charges, including consideration of the habitual fourth notice.[2] Both attorneys indicated that they advised defendant that it was a good plea offer and that they recognized defendant had a weak case. They also testified that defendant was not interested in the plea offer unless he would receive a twelve-month cap on his sentence (county jail time only), but the prosecution was unwilling to make such a deal. Defendant testified that his attorneys did not go over the guidelines with him. He claimed that he was told it was possible that if he beat the resisting or obstructing charges at trial, he could receive a lower sentence. Defendant claimed that if he knew he would face more time if he went to trial he would have pleaded guilty.

The trial court denied defendant's motion. The court first found that defendant's testimony was not credible. On the other hand, the court found that the testimony of defendant's attorneys was credible. Based on the testimony from defendant's attorneys, the court concluded that defendant was told of two scenarios under the guidelines—his scoring under the plea and his

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] When asked by the trial court whether he "went over with [defendant] the guidelines for all the offenses including the habitual notice," Jordan replied, "Yes." The trial court later inquired again whether Jordan "described the guidelines to [defendant] for the offenses as charged," and Jordan responded, "I told him yes." Jordan testified multiple times about going over the sentencing guidelines with defendant in relationship to the plea offer, including dismissal of the habitual offender notice.

scoring if convicted as charged. The court found that the attorneys informed defendant that getting convicted as charged would be "far more serious" than if he accepted the plea offer. The court ruled that the "issue here is . . . that he didn't want to sacrifice two more months under the fourteen month minimum under the plea agreement guidelines."

Defendant's only argument on appeal is that he received ineffective assistance of counsel in conjunction with the plea-bargaining process. He asserts that trial counsel failed to adequately explain the consequences of accepting or not accepting the plea offer. Specifically, defendant asserts that his attorneys did not provide a thorough and accurate explanation of the potential risks and that they spent an inadequate amount of time explaining the plea offer, the maximum sentence under the plea offer, and the maximum sentence if defendant was convicted as charged.

In *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011), our Supreme Court explained the applicable standard of review:

> Whether a defendant received ineffective assistance of trial counsel presents a mixed question of fact and constitutional law. A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel. We review the trial court's factual findings for clear error. Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake. We review de novo questions of constitutional law. [Citations and quotation marks omitted.]

With respect to the assistance of counsel in the context of plea bargaining, the Court in *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), observed:

> As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process. A defendant seeking relief for ineffective assistance in this context must meet . . . [the] familiar two-pronged standard by showing (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In demonstrating prejudice, the defendant must show the outcome of the plea process would have been different with competent advice. [Citations and quotation marks omitted.]

"The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Id.* at 592. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

Attorney Jordan explained at the *Ginther* hearing that he went over defendant's sentencing guidelines with him, both under the plea agreement and were he to be convicted as charged with the habitual fourth sentence enhancement. Both attorneys testified that defendant wanted a twelve-month cap on his sentence and that anything to the contrary was unacceptable to defendant. The plea offer simply did not allow for a twelve-month cap. Both attorneys testified that they told defendant that the plea offer was a good offer, and Magnusson testified that he

"advised [defendant] that he would be better off with a plea." In fact, Magnusson testified that, after defendant had decided to go to trial, both attorneys still went to the jail "to try and resolve the matter and basically indicate to . . . [defendant] what his options were and what the risks were of going to trial." Magnusson believed that defendant understood the potential penalties upon conviction of all the counts, together with the habitual offender notice. Defendant argues that the attorneys recognized that the evidence against him was overwhelming and should have compelled them to make that clear to defendant when he was contemplating the plea offer. We surmise that defendant was already fully aware that the evidence against him was overwhelming.

To the extent that defendant's testimony supported his position and conflicted with the testimony offered by his attorneys, the trial court found that defendant's testimony was not credible, and credibility determinations are generally left to the trial court when ruling in an evidentiary hearing. *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008); MCR 6.001(D); MCR 2.613(C). We decline to disturb the trial court's factual and credibility determinations. The attorneys' representation of defendant with respect to the plea negotiations did not fall below an objective standard of reasonableness.

Affirmed.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra