# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

SCOTT DUANE SMITH,

      Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332828
Baraga Circuit Court
LC No. 15-001408-FH

---

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Scott Smith, appeals as of right from his conviction of operating a vehicle while intoxicated, third offense, MCL 257.625(1). Because there are no errors warranting relief, we affirm.

## I. BASIC FACTS

On May 7, 2015, Amos Halpin was driving a 20,000 pound tractor west on M-38 in Baraga County. As he neared Grist Mill Road, he turned on his left indicator light and slowed down. He observed the vehicles behind him slow down and stop. As Halprin started his left turn, Smith, who was also traveling west on M-38, crossed the centerline and crashed into the left front tire of Halprin's tractor. Smith's vehicle rolled off the road. Witnesses at the scene testified that there were beer cans inside Smith's vehicle and that Smith appeared tipsy or drunk. The prosecution submitted evidence showing that Smith's blood alcohol content (BAC) was between 0.117 and 0.141. The jury convicted Smith as charged.

Following his conviction, Smith filed a motion for new trial in the trial court. He asserted that his trial lawyer provided ineffective assistance, thereby depriving him of his constitutional right to a fair trial. He claimed that his lawyer's performance was deficient (1) because he failed to object to the admission of the blood alcohol test results, (2) because he failed to point out to the jury that the blood alcohol test results were not from the blood draw performed by paramedics at the accident scene, and (3) because he failed to admit a traffic crash report showing that a preliminary breath test (PBT) was administered at the scene. The crux of Smith's argument was that there were two blood draws: the first sample was drawn by paramedics at the scene of the accident at 7:01 p.m., and the second sample was drawn at the hospital at 7:51 p.m. In support, he noted that a paramedic testified to drawing his blood at the accident scene at 7:01 p.m., but that the blood alcohol test results admitted at trial showed that the tested sample was

-1-

collected at 7:51 p.m. He also asserted that the PBT-test results should have been admitted under MCL 257.625a(6) and that the traffic crash report should have been used to impeach the police officer who administered the PBT at the scene.

The trial court held a hearing on the motion, and Smith submitted a number of documents purporting to show that there were two blood draws. The trial court found that Smith's lawyer did not provide ineffective assistance by failing to object to the admission of the blood test results because any delay between the time of the accident and the time of the blood draw went to the weight, not the admissibility of the evidence. The court also found that there was no evidence that Smith's lawyer failed to properly investigate the case, so Smith failed to establish that his lawyer was ineffective based on a failure to investigate. Next, the court found that, contrary to Smith's claim, there was only one blood draw. The court reasoned that the paramedic testified that he drew the blood at 7:01 p.m. and then gave it to hospital staff upon arrival, which would account for the blood test results stated that the sample was "collected" at 7:51 p.m. The court concluded, therefore, that Smith's lawyer was not ineffective for failing to point out the alleged inconsistency between the paramedic's testimony and the blood test results because there was, in fact, no inconsistency. Finally, the court held that under MCL 257.625a, the results of the PBT were not admissible, so Smith's lawyer was not ineffective for failing to admit the PBT test results. Likewise, the court concluded that because the traffic crash report was inadmissible under MCL 257.624, Smith's lawyer was not ineffective for failing to admit it. Having found that Smith's lawyer was not ineffective, the court denied Smith's motion for a new trial.

## II. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Smith argues that his lawyer provided ineffective assistance (1) by failing to object to the admissibility of the 7:51 p.m. blood draw test results, (2) by failing to impeach the prosecution's witnesses with the time discrepancy between the 7:01 p.m. blood draw and the 7:51 p.m. blood draw, and (3) by failing to investigate the "missing" laboratory work.[1] He also asserts that his lawyer provided ineffective assistance by failing to use the traffic crash report and the PBT administered at the scene to impeach a police officer's preliminary examination testimony. A criminal defendant has the fundamental right to effective assistance of a lawyer. *United States v Cronic*, 466 US 648, 653-654; 104 S Ct 2039; 80 L Ed 2d 657 (1984). A defendant's claim that his lawyer failed to provide effective assistance "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d (2002). Generally, this Court reviews findings of fact for clear error and questions of law de novo. *Id*. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993) (opinion by GRIFFIN, J.).

---

[1] Smith never explains what missing laboratory work his lawyer allegedly failed to investigate. Accordingly, we conclude that he has failed to establish the factual predicate for this claim of error, and he is not entitled to relief. See *People v Matuszak*, 263 Mich App 42, 60; 687 NW2d 342 (2004).

## B. ANALYSIS

In order to establish that his or her lawyer provided ineffective assistance, a criminal defendant must establish that his or her lawyer's performance "fell below the objective standard of reasonableness" and that but for the error there is a reasonable probability that "the result of the proceedings would have been different . . . ." *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000) (citation and quotation marks omitted). We presume that the defendant's lawyer provided effective assistance, "and the defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

At trial, the results of a blood alcohol test were admitted into evidence as exhibit 1. The test results showed that Smith had a BAC between 0.117 and 0.141. It also indicated that the blood sample was "collected" at 7:51 p.m. Smith argues that exhibit 1 was inadmissible because the blood sample was drawn over an hour after the accident. He asserts his lawyer was ineffective for failing to object to its admission. However, if a defendant's blood is drawn after an accident for medical treatment purposes, the chemical analysis results of that blood sample are admissible to show the amount of alcohol in the defendant's blood at the time alleged "in any civil or criminal proceeding . . . ." MCL 257.625a(6)(e). "[F]or purposes of admitting the results of blood alcohol tests performed on a driver, there is no requirement that such tests be given within a reasonable time." *People v Aldrich*, 246 Mich App 101, 119 n 11; 631 NW2d 67 (2001). A delay "between the accident and the [blood] test bears on the weight of the evidence, not its admissibility." *Id*. Accordingly, any objection based on the delay between the time of the accident and the time that the blood was drawn goes to the weight, not the admissibility of the evidence, and Smith's lawyer did not provide ineffective assistance by failing to object to the admission of admissible testimony. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that a defense lawyer is not ineffective for failing to raise a futile objection).

In a related argument, Smith argues there were two blood draws: one at 7:01 p.m. and one at 7:51 p.m. In support, he directs this Court to testimony from the paramedic that his blood was drawn at the scene of the accident at 7:01 p.m., whereas exhibit 1 states that the blood tested was collected at 7:51 p.m. The trial court found that there was only one blood draw. Smith contends that the court's finding was based on speculation and was therefore unsupported by the record. However, although the evidence could allow for an inference that there was a blood draw at 7:01 p.m. and a second blood draw at 7:51 p.m., the evidence also supports the trial court's finding. The paramedic testified that he drew blood from Smith at 7:01 p.m. and that he later gave that sample to the hospital. While he did not testify what time he handed the sample to the hospital staff, it is reasonable to infer that the blood sample "collected" at 7:51 p.m. was the same sample as the one drawn at the scene. Accordingly, the trial court's finding that there was only one blood sample drawn is not clearly erroneous. Moreover, because Smith has failed to

show that a second blood draw was done, his lawyer did not provide ineffective assistance when he failed to object to the test results. See *Ericksen*, 288 Mich App at 201.[2]

Next, Smith argues that his lawyer was ineffective for failing to question and impeach the prosecution's witnesses regarding the alleged time discrepancy between when the blood was allegedly drawn at the scene and when the test results stated the blood was collected. Smith's argument is based on the assumption that there was a second blood draw. But, as indicated above, that claim was rejected by the trial court. Consequently, because Smith "fails to establish a necessary factual predicate" for this argument, his claim of ineffective assistance based on the assumption necessarily fails. See *People v Matuszak*, 263 Mich App 42, 60; 687 NW2d 342 (2004).

Finally, Smith argues that his lawyer was ineffective by failing to introduce the traffic crash report and the PBT result to impeach a police officer's preliminary examination testimony. We need not consider the merits of this assertion as any error related to Smith's bindover was rendered harmless. See *People v Bosca*, 310 Mich App 1, 45; 871 NW2d 307 (2015). Sufficient evidence was presented at trial to support the conviction, including the blood test results, Halpin's testimony that he saw beer cans inside of Smith's car, the paramedics' testimony that Smith admitted he had drank two beers, an eyewitness's testimony that he smelled alcohol on Smith's breath at the scene and believed Smith was "tipsy" or "drunk," and expert testimony that the results from Smith's blood test revealed that he had a BAC between 0.117 and 0.141 at the time of the accident.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly

---

[2] Even if the blood test results admitted at trial were from a second blood draw, the results were still admissible because a delay between an accident and a defendant's blood test does not preclude the admission of the test's results. *Aldrich*, 246 Mich App at 119 n 11.