# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN ERIC PARSONS,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 333021
Eaton Circuit Court
LC No. 15-020404-FH

Before: TALBOT, C.J., and O'CONNELL and O'BRIEN, JJ.

PER CURIAM.

Defendant, John Eric Parsons, appeals as of right his convictions following a bench trial for third-degree fleeing and eluding, MCL 257.602a(3)(a), possession of a controlled substance, MCL 333.7403(2)(d), operating a motor vehicle with a suspended license (second offense), MCL 257.904(3)(b), and operating a motor vehicle while intoxicated, MCL 257.625(1)(a). The trial court sentenced Parsons as a fourth habitual offender, MCL 769.12, to six to fifteen years for fleeing and eluding, 169 days for possession of a controlled substance, 169 days for operating with a suspended license, and 93 days for driving while intoxicated.

On appeal, Parsons challenges the denial of a motion to suppress the evidence flowing from the police officer's initial attempt to stop Parsons while driving. Parsons further challenges the evidence supporting the conviction for driving while intoxicated. We affirm.

## I. FACTS

At approximately 11:00 p.m. one evening in November 2015, Eaton County Sheriff's Deputy Kyle Hilliker spotted defendant's car with its headlights off parked on a dark, unlit dirt path. This dirt road provided overflow parking for a party store, which was closed at the time. Defendant's presence drew Deputy Hilliker's attention because Hilliker knew about drug activity in the area and break-ins at the store in the past few years. As Deputy Hilliker approached in his patrol car, Parsons turned his headlights on and drove past Hilliker, accelerating loudly and quickly after he passed. Deputy Hilliker followed Parsons. After Parsons made two quick turns, Deputy Hilliker turned on his overhead lights and siren to signal Parsons to stop. Instead of pulling over, Parsons turned off his headlights and continued to drive.

Parsons led police on a high-speed chase for over 30 minutes. During the chase, Parsons crossed the center line, ran stop signs, and left the road multiple times. Deputy Hilliker also saw

Parsons throw items out the window that Parsons later admitted were marijuana and a marijuana pipe. Deputy Hilliker rammed his patrol car into defendant's truck three times before defendant's truck stopped, landing on its side. When police removed Parsons from his truck, the officers saw open containers of beer inside the truck's cab and smelled alcohol on Parsons. Police searched Parsons and found marijuana in his pocket. Parsons admitted he had been drinking and that he smoked marijuana earlier that day.

Deputy Hilliker administered one field sobriety test. Parsons was not able to follow Deputy Hilliker's finger with his eyes. Deputy Hilliker conducted no other field sobriety tests because Parsons was in handcuffs and was just in a collision. Parsons also agreed to a blood test. An analysis of defendant's blood showed 0.058 grams of alcohol per 100 milliliters and 7 nanograms of THC per milliliter. The forensic scientist explained that this amount of THC was consistent with marijuana use 8 to 12 hours before testing.

In anticipation of trial, Parsons moved to suppress all of the evidence, arguing that Deputy Hilliker did not have a reasonable suspicion to stop Parsons. The trial court denied the motion because the totality of the circumstances gave Deputy Hilliker reason to be suspicious. After a bench trial, the trial court found Parsons guilty of fleeing and eluding a police officer in the third degree, possession of marijuana, driving with a suspended license, and driving while intoxicated.

## II. ANALYSIS

## A. MOTION TO SUPPRESS

We review a trial court's ruling on a motion to suppress de novo. *People v Roberts*, 292 Mich App 492, 502; 808 NW2d 290 (2011). We review a trial court's findings of fact made at a suppression hearing for clear error. *Id*. A finding of fact is clearly erroneous if we are definitely and firmly convinced that the trial court made a mistake. *Id*.

Both the United States Constitution and the Michigan Constitution guarantee the right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. A warrantless search or seizure is presumptively unreasonable unless an exception applies. *People v Borchard-Ruhland*, 460 Mich 278, 293-294; 597 NW2d 1 (1999). One exception is an investigatory *Terry* stop. *People v Barbarich*, 291 Mich App 468, 473; 807 NW2d 56 (2011), citing *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). To justify an investigatory stop, a police officer must have "a reasonable, articulable suspicion" to believe that the person committed a crime or a crime is in progress, considering the totality of the circumstances. *Barbarich*, 291 Mich App at 473.

Although stopping a person in a moving vehicle requires fewer facts to demonstrate a reasonable suspicion than a residential search, the facts and circumstances must lead to specific inferences that support a reasonable suspicion. *People v LoCicero (After Remand)*, 453 Mich 496, 502; 556 NW2d 498 (1996). The police officer cannot rely on a generalized "hunch" alone. *Id*. (citation and quotation marks omitted). Unprovoked flight from the police in an area known for drug trafficking creates a reasonable suspicion justifying an investigatory stop. *People v*

*Oliver*, 464 Mich 184, 197; 627 NW2d 297 (2001), citing *Illinois v Wardlow*, 528 US 119; 120 S Ct 673; 145 L Ed 2d 570 (2000).

In this case, the trial court did not err by denying the motion to suppress. Parsons parked his car with the headlights off in an unlit area outside a store when it was closed. Deputy Hilliker knew about drug activity in the area and past break-ins at the store. When Deputy Hilliker drove around to where Parsons could see him, Parsons turned on his headlights and drove away, accelerating loudly and quickly. Deputy Hilliker reasonably linked these events to conclude that Parsons was attempting to avoid him, and the trial court did not err by construing defendant's loud acceleration out of the parking lot to be unprovoked flight from the police.

Parsons explains each circumstance separately. The question, however, is whether the circumstances as a whole give rise to a reasonable suspicion. See *Oliver*, 464 Mich at 202. In sum, considering the totality of the circumstances, Deputy Hilliker had a reasonable suspicion that Parsons may have committed or was committing a crime that justified Hilliker's attempt to stop Parsons.

## B. SUFFICIENCY OF THE EVIDENCE

Parsons next challenges the sufficiency of the evidence supporting the conviction for operating a motor vehicle while intoxicated. We review de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We consider the evidence in the light most favorable to the prosecution to determine whether a rational factfinder could find that the evidence proved the elements of the offense beyond a reasonable doubt. *Id*. at 196. Circumstantial evidence and reasonable inferences arising from that evidence are sufficient proof. *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004).

MCL 257.625(1) prohibits operating a vehicle while intoxicated. " '[O]perating while intoxicated' " includes being "under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination" thereof. MCL 257.625(1)(a). A driver is "under the influence" when the consumption of intoxicating substances has "substantially and materially affected" his driving. *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975).

Sufficient evidence supported the conviction. Police saw open beer cans in the cab of Parsons's truck, he smelled like alcohol, and he admitted that he had been drinking. Police found marijuana in defendant's pocket, Parsons admitted that he threw marijuana and a marijuana pipe out the window while he was driving, and he admitted that he smoked marijuana earlier that day. Parsons also failed one field sobriety test because he was not able to follow Deputy Hilliker's finger. In addition, police officers described defendant's reckless driving during the high-speed chase, driving over the center line, running stop signs, and driving off the road through fields in an attempt to avoid the police. Deputy Hilliker's dash camera also captured the chase and confirmed Hilliker's description of defendant's driving. This circumstantial evidence and the resulting reasonable inferences were sufficient for the trial court to find Parsons guilty of operating a vehicle while intoxicated.

Parsons notes that his blood alcohol level of 0.058 did not exceed the legal limit of 0.08 and argues that the presence of THC in his system did not prove that he was under the influence of marijuana. The statute presumes that a driver with a blood alcohol content of 0.08 grams of alcohol per 100 milliliters of blood or more is operating while intoxicated. MCL 257.625(1)(b). A lower blood alcohol level does not establish innocence, however, because blood alcohol content is not an element of the offense. See *People v Calvin*, 216 Mich App 403, 409; 548 NW2d 720 (1996). The testimony of an observer can establish that the driver was intoxicated. *Id*. at 407-408. The police officers who participated in the high-speed chase testified about the open beer cans, the smell of alcohol, the seizure of marijuana, and defendant's driving. Moreover, Parsons does not account for the combined effect of alcohol and marijuana. See MCL 257.625(1)(a). In sum, viewed in the light most favorable to the prosecution, sufficient evidence supported the trial court's finding that Parsons was driving while intoxicated.

## C. GREAT WEIGHT OF THE EVIDENCE

Finally, Parsons argues that the guilty verdict went against the great weight of the evidence. A verdict goes against the great weight of the evidence if the evidence weighs "so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Musser*, 259 Mich App 215, 218-219; 673 NW2d 800 (2003). For the same reasons we conclude that the evidence was sufficient to support the conviction, we likewise reject defendant's argument that the verdict did not follow from the great weight of the evidence.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Colleen A. O'Brien