*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 25, 2019

v

No. 345582
Genesee Circuit Court
LC No. 17-041800-FH

ALLEN LEE ZIMMER,

Defendant-Appellant.

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Defendant pleaded guilty to larceny by conversion of property valued between $1,000 and $20,000. MCL 750.362; MCL 750.356(3)(a). Defendant was sentenced to 40 to 60 months' imprisonment. Defendant appeals his sentence by delayed leave granted.[1] We affirm.

## I. FACTS

Defendant advertised his business, Total Roofing Solutions, in a local publication. The victim, who needed a roof replaced, responded to the advertisement, and defendant gave him a quote of $15,900 for the job. As a down-payment, the victim wrote defendant a check for $10,000. Defendant cashed the check, but never completed the work or returned the payment.

Defendant eventually pleaded guilty to larceny by conversion for the $10,000 he took from the victim. In return for defendant's guilty plea, the prosecution agreed that it would not seek a sentence enhancement, despite defendant's status as a fourth-offense habitual offender. Defendant's sentencing guidelines range was 7 to 23 months. At sentencing, the trial court exceeded the sentencing guidelines by 17 months, sentencing defendant to 40 to 60 months' imprisonment.

---

[1] *People v Zimmer*, unpublished order of the Court of Appeals, entered October 30, 2018 (Docket No. 345582).

On appeal, defendant argues that the trial court abused its discretion by exceeding the guidelines by 17 months because the sentence violates the principle of proportionality. We disagree.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017).

## III. ANALYSIS

"[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)]." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). *Milbourn*'s principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 352 (quotation marks and citation omitted). "[A] departure sentence may be imposed when the trial court determines that the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017) (quotation marks and citation omitted).

This Court has stated that factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

The sentencing guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Milbourn*, 435 Mich at 657-658. Therefore, a trial court must consult the guidelines and take them into account when sentencing a defendant. *Dixon-Bey*, 321 Mich App at 524. Additionally, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. at 524-525 (quotation marks and citations omitted).

Here, the trial court engaged in a lengthy analysis and articulated several factors that it considered in imposing its sentence. The trial court began by acknowledging that its sentence exceeded the recommended guidelines range by 17 months. To justify this sentence, the trial court relied heavily on defendant's extensive criminal history, which spanned several decades and included 11 felonies and 19 misdemeanors. The trial court correctly concluded that the

guidelines do not adequately account for this extensive history. See, e.g., *Milbourn*, 435 Mich at 657 (explaining that "a sentencing judge could legitimately depart from the guidelines when confronted by the unlikely prospect of a one hundred-time repeat offender, since the guidelines do not take such extensive criminal records into account").

Prior record variable (PRV) 2 is scored for "prior low severity felony convictions," and allows a maximum score of 30 points if the defendant has "4 or more prior low severity felony convictions." MCL 777.52. Defendant was assessed 30 points for PRV 2, but had seven additional low-severity felony convictions beyond the four required to assess 30 points. Thus, PRV 2—and the guidelines as a whole—did not adequately account for defendant's additional low-severity felony convictions.

Similarly, PRV 5 is scored for "prior misdemeanor convictions," and allows a maximum score of 20 points if the defendant has "7 or more misdemeanor convictions." MCL 777.55. Defendant was assessed 20 points for PRV 5, but had 12 additional misdemeanor convictions beyond the seven required to assess 20 points. Thus, PRV 5 did not adequately account for defendant's 12 additional misdemeanor convictions, and the guidelines did not otherwise take those convictions into account.

Because the guidelines were unable to account for defendant's seven additional low-severity felony convictions and 12 additional misdemeanor convictions, the trial court properly concluded that the guidelines did not give adequate weight to his criminal history. Defendant's extensive criminal history, therefore, supported the trial court's departure sentence.

The trial court also properly cited the lack of rehabilitative effect that defendant's contact with the criminal justice system had on him. The trial court observed that defendant's history with the criminal justice system spanned decades, and that his offense history showed "nothing but fraud after fraud[.]" The trial court concluded that defendant was "not learning" from his past punishments and that he was "not going to learn from it this time unless he gets a sufficient enough sanction to instill in his mind he can't keep doing this." The trial court appropriately concluded that respondent had a low potential for rehabilitation; after serving multiple punishments for various fraudulent acts, defendant, upon his release, continued to defraud members of the public. Relatedly, based on defendant's past conduct, the trial court expressed concern for society if defendant was released without being rehabilitated. Defendant's low potential for rehabilitation, as well as the trial court's "legitimate concern for the protection of society," justified the trial court's departure sentence. *People v Solmonson*, 261 Mich App 657, 671; 683 NW2d 761 (2004); *Walden*, 319 Mich App at 353.

Defendant argues that the trial court did not justify the extent of the departure. It is true that a trial court "must justify *on the record* both the departure and the extent of the departure." *People v Smith*, 482 Mich 292, 313-314; 754 NW2d 284 (2008). But the trial court here did so; it stated that a departure of "17 months over the high-end of the guidelines . . . [is] a reasonable and proportionate sentence," and then justified the extent of that departure as explained above.

Therefore, "the connection between the reasons given for departure and the extent of the departure" is clear. *Id*. at 313-314.[2]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron

---

[2] Defendant also argues that he was deprived of the benefit of the prosecution's promise to not seek a habitual-offender enhancement, despite defendant's status as a fourth-offense habitual offender. Although the prosecution did indicate that it would not seek a sentence enhancement, the written plea agreement in the lower court file clearly indicates that there was no sentence agreement or recommendation. Accordingly, defendant was not deprived of the benefit of the prosecution's agreement. Moreover, as defendant concedes in his brief, "he still received the benefit of his plea agreement by capping his maximum sentence at five years." See MCL 769.12(1)(c) (stating that, in cases like this one, a fourth-offense habitual offender may be sentenced to a term of up to 15 years).