*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　Plaintiff-Appellee,

v

ORLANDO DEMETRIUS RAY,

　　　　　　Defendant-Appellant.

UNPUBLISHED
April 16, 2019

No. 341730
Wayne Circuit Court
LC No. 16-004285-01-FH

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant, Orlando Demetrius Ray, appeals as of right his jury trial convictions of two counts of felonious assault, MCL 750.82, two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and assault and battery, MCL 750.81. Ray was sentenced to two years' probation for the felonious assault convictions, two years' imprisonment for the felony-firearm convictions, and time served for the assault and battery conviction. We affirm.

## I. JURY INSTRUCTION

Ray argues that he was denied the constitutional right to present a defense when the trial court refused to give a self-defense jury instruction. We disagree.

"We review questions of law arising from the provision of jury instructions de novo." *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013). The trial court determines as a matter of discretion whether a jury instruction is applicable to the facts of the case, and we review its determination for an abuse of that discretion. *Id*. "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

As recognized by this Court:

A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her. A defendant asserting an affirmative

defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense.

Under the common law, the affirmative defense of self-defense justified the killing of another person if the defendant honestly and reasonably believes his life is in imminent danger or that there is a threat of serious bodily harm and that it is necessary to exercise deadly force to prevent such harm to himself. In general, a defendant does not act in justifiable self-defense when he or she uses excessive force or when the defendant is the initial aggressor. [*Id*. at 34-35 (quotation marks, citations, and footnotes omitted).]

The circumstances in which a person may use force in self-defense without a duty to retreat have since by codified by the Self-Defense Act (SDA), MCL 780.971 *et seq*. *Id*. at 35. "[T]he SDA continues to require that a person have an honest and reasonable belief that there is a danger of death, great bodily harm, or a sexual assault in order to justify the use of deadly force." *Id*. at 35-36, citing MCL 780.972(1). MCL 780.972 provides, in relevant part:

(1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if . . . the following applies:

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

*   *   *

(2) An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

The charges in this case arose from an altercation between Ray, his wife, and his wife's sister. Ray's wife and sister-in-law both testified that Ray physically assaulted his sister-in-law because he believed she was disrespecting him. According to both witnesses, Ray then retrieved two rifles and brandished at least one of them at his sister-in-law as he charged at her in the direction of the kitchen. Ray's sister-in-law testified that Ray began choking her in the kitchen, so she grabbed a knife and spoon from the counter and tried to stab Ray to make him release her. However, she was unable to breathe and dropped the knife and spoon. Ray let go of her momentarily, but the tussle resumed between Ray, his wife, and his sister-in-law. Ray's wife and sister-in-law both indicated that the altercation ended up in the bedroom of Ray's stepdaughter, where Ray choked his sister-in-law until she passed out. Ray then picked up the rifles, which he had dropped at some point during the altercation, and left the house with his son.

-2-

Ray went to the police station and reported that he had a verbal argument with his sister-in-law. Ray told a police officer that he yelled at his sister-in-law and she responded by saying she was going to "get her s**t." Construing her comment as stating her intention to get a gun, Ray retrieved his unsecured rifles so she could not get to them. Ray further stated that as he was leaving the house, his sister-in-law reached past his wife with a knife and cut him on the hand. The police officer who spoke with Ray testified that Ray's hand was, in fact, bleeding when he reported the incident.

Ray argues that the jury should have been instructed regarding self-defense because his sister-in-law admitted that she had a knife during the altercation and he told the police that he acted in self-defense, as evidenced by the cut on his hand. We disagree. Although Ray's sister-in-law testified that she attempted to stab Ray with a knife, she admitted to doing so only after Ray hit her, threatened her with two rifles, and began choking her. Thus, a rational view of the evidence does not suggest that Ray honestly and reasonably believed he needed to use force—deadly or otherwise—to defend himself. To the contrary, the evidence suggests that he was the initial aggressor. Although Ray self-reported that he retrieved his firearms in order to prevent his sister-in-law from retrieving them and that his sister-in-law cut him as he was leaving the house, he did not indicate that he used any force during the incident. Thus, even if Ray's self-report was credited, it would not support a self-defense instruction because he did not acknowledge engaging in any defensive conduct. Accordingly, the trial court did not abuse its discretion by denying Ray's request for a self-defense instruction.

## II. OTHER-ACTS EVIDENCE

Ray also argues that he was denied the right to a fair trial by the admission of other-acts evidence. Alternatively, Ray argues that he was deprived the effective assistance of counsel based upon defense counsel's handling of this issue. We disagree.

Before trial, the prosecution moved for the admission of other-acts evidence pursuant to MCL 768.27b, or alternatively, MRE 404(b). Defense counsel objected to evidence of two other acts, but agreed that an incident that occurred two days before the charged offenses was admissible. During that incident, Ray pushed his wife against a wall in the course of an argument and hit her head and fingers as he tried to drag her into another room. Ray's wife disclosed the incident to her sister. On the day of the charged offenses, Ray's sister-in-law went to the house to talk to Ray's wife about what had happened and encouraged her to report it to the police. The trial court held that the incident was admissible because it was "relevant to kind of explain the whole story." In light of defense counsel's agreement regarding the admissibility of evidence about this incident, appellate review of Ray's claimed evidentiary error is waived. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Waiver extinguishes alleged error, generally foreclosing appellate review. *Id*. However, because the admissibility of the evidence is relevant to Ray's alternative ineffective assistance claim, we will consider the merits of Ray's evidentiary argument for that purpose.

By rejecting the prosecution's reliance on MCL 768.27b,[1] the trial court implicitly determined that the other-acts evidence was admissible under MRE 404(b)(1), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

*People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended by 445 Mich 1205 (1994), sets forth the test for the admission of other-acts evidence under MRE 404(b): (1) the evidence must be offered for a proper purpose under MRE 404(b); (2) the evidence must be relevant; and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice. If the other-acts evidence is admitted, the trial court may provide a limiting instruction to lessen the risk of prejudice. *Id*. Relevant evidence is "evidence that is material (related to any fact that is of consequence to the action) and has probative force (any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence)." *People v Sabin (After Remand)*, 463 Mich 43, 57; 614 NW2d 888 (2000). Evidence

---

[1] Although we are ultimately able to affirm the trial court's determination that the evidence was admissible under MRE 404(b)(1), we disagree with the trial court's conclusion that evidence can only be offered under MCL 768.27b if the defendant is charged with domestic assault, MCL 750.81. In pertinent part, MCL 768.27b(1) provides:

> [I]in a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

Under the plain language of MCL 768.27b, its application is not limited to cases in which the defendant is *charged* with domestic violence (i.e., domestic assault); the defendant need only be "accused of an offense *involving* domestic violence . . . ." *Id*. (emphasis added). The statute further defines "offense involving domestic violence" to include "[p]lacing a family or household member in fear of physical or mental harm." MCL 768.27b(6)(a)(*ii*). In this case, Ray was charged with felonious assault based upon threatening to kill his wife while armed with a rifle. In other words, he was accused of assaulting his wife—part of his family or household, MCL 768.27b(6)(b)(*i*)—with a dangerous weapon, with the intent to place her in reasonable apprehension of an imminent battery. See *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007). Accordingly, he was accused of an offense involving domestic violence for purposes of MCL 768.27b, and the trial court erred by concluding that the prosecution could not offer evidence of other acts of domestic violence under that statute.

is inadmissible under MRE 404 "if it is relevant *solely* to the defendant's character or criminal propensity." *People v Mardlin*, 487 Mich 609, 616; 790 NW2d 607 (2010).

"[I]t is essential that prosecutors . . . be able to give the [fact-finder] an intelligible presentation of the full context in which disputed events took place." *People v Sholl*, 453 Mich 730, 741; 556 NW2d 851 (1996).

> It is the nature of things that an event often does not occur singly and independently, isolated from all others, but, instead, is connected with some antecedent event from which the fact or event in question follows as an effect from a cause. When such is the case and the antecedent event incidentally involves the commission of another crime, the principle that the jury is entitled to hear the 'complete story' ordinarily supports the admission of such evidence. [*People v Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978).]

Although a "context" purpose is not explicitly articulated in the rules of evidence, other-acts evidence may be admitted for that purpose if it otherwise satisfies the requirements for admission under MRE 404(b). See *People v Jackson*, 498 Mich 246, 268-270; 869 NW2d 253 (2015) (rejecting a res gestae exception to MRE 404(b) but reasoning that *Delgado* and *Sholl* "provide firm support for the notion that evidence meeting their 'res gestae' definition is potentially relevant and admissible").

The evidence concerning the incident that occurred two days before the charged offenses was indeed relevant for the purpose of providing context to the charged offenses. Ray's sister-in-law went to the house to talk to Ray's wife about the earlier domestic violence incident. When Ray arrived home and greeted his sister-in-law, she did not initially respond, but eventually told him she did not have to speak to him because he hit her sister. It was purportedly this attitude that angered Ray and caused him to feel as though he was being disrespected. The earlier domestic violence incident not only explained the sister-in-law's presence, but also helped the jury understand the extent of the tension between the parties and why the situation escalated into physical violence so quickly. This context made it more probable that Ray engaged in the assaultive conduct underlying the charged offenses, and was therefore relevant to a material fact at trial. See *People v Cameron*, 291 Mich App 599, 609-610; 806 NW2d 371 (2011).

Nor does it appear that this evidence was unfairly prejudicial. MRE 403, incorporated in the test for admissibility of other-acts evidence, see *VanderVliet*, 444 Mich at 74-75, "does not prohibit prejudicial evidence; only evidence that is unfairly so." *People v Bass*, 317 Mich App 241, 259; 893 NW2d 140 (2016) (quotation marks and citation omitted). Furthermore, the danger of unfair prejudice must *substantially* outweigh the probative value of the evidence to require exclusion. MRE 403; *Bass*, 317 Mich App at 259. The other-acts evidence was more than marginally probative, and it is improbable that the jury would give it undue or preemptive weight because the jury was properly instructed that it should not consider evidence of Ray's other acts for propensity purposes. See *Bass*, 317 Mich App at 263 (stating presumption that jurors follow their instructions). Thus, we conclude that the evidence was properly admitted under MRE 404(b).

Turning to Ray's alternative claim of ineffective assistance of counsel, Ray failed to move for a new trial on the basis of ineffective assistance or request an evidentiary hearing in the trial court. As such, this issue is unpreserved, *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009), and our review is limited to errors apparent on the existing record, *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). "The determination whether defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *Lockett*, 295 Mich App at 186. "The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *Id*.

To prove ineffective assistance of counsel, a defendant must show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

Ray's claim of error fails on the first prong of this test. Defense counsel's performance did not fall below an objective standard of reasonableness because counsel correctly determined that evidence of the domestic violence incident that occurred two days before the charged offenses was admissible. A defendant is not deprived the effective assistance of counsel based upon failure to raise a meritless or futile objection. *Payne*, 285 Mich App at 191. Ray's claim of error also fails on the second prong because he has not demonstrated a reasonable probability that the outcome of the trial would have been different but for counsel's performance. The evidence was admissible, and we are unpersuaded by Ray's suggestion that the prosecution's case was otherwise weak. Although there were some discrepancies among the witnesses, the essential aspects of their testimony were reasonably consistent.

Affirmed.


/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

-6-