*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 18, 2019

v

FRANK DAVID WEBER,

Defendant-Appellant.

No. 341452
Macomb Circuit Court
LC No. 2017-001965-FC

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct (CSC-1) (victim under 13, defendant over 17) in violation of MCL 750.520b(1)(a). Defendant contends that his counsel was ineffective for failing to present an expert witness regarding the suggestibility of children as young as the current victim, but has offered no proof of what such an expert would have said at trial. Defendant also raises a meritless challenge to the sufficiency of the evidence against him. We affirm.

## I. BACKGROUND

Defendant's conviction arises from an act of fellatio performed on the four-year-old son, DP, of defendant's live-in girlfriend, JP. DP described that he was sleeping with defendant and JP one night because he was scared, and defendant covered DP's face with a pillow. Defendant asked DP if he wanted to "do the private part or the spanking." DP did not want a spanking, but did not understand what defendant meant by "do the private part." He selected that option and defendant pulled down DP's pants and underwear and put his mouth on DP's "weiner." DP remembered feeling defendant's teeth. JP slept through the incident. DP claimed that he told JP about defendant's actions later that day and she called the police.

JP did not believe DP's accusations because defendant had safely cared for children in the past. She denied that DP told her this story immediately after any incident could have occurred. JP and DP moved in with a friend who had known defendant for years and also questioned the truth of DP's allegations. The witnesses posited that JP's ex-husband, SS, had

-1-

planted the story in DP's mind. SS took the stand and denied that accusation. Ultimately, the jury credited the victim and convicted defendant as charged.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that his trial attorney should have presented an expert witness to discuss the suggestibility of preschool-age children, leading to the creation of false memories with vivid details. Defendant filed two motions to remand to the trial court for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), but this Court denied them both. Our review is therefore limited to plain error on the existing record. See *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). " '[I]t has long been recognized that the right to counsel is the right to the effective assistance of counsel.' " *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984), quoting *McMann v Richardson*, 397 US 759, 777 n 14; 90 S Ct 1441; 25 L Ed 2d 763 (1970). In *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984), the United States Supreme Court held that a convicted defendant's claim of ineffective assistance includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." To establish the first component, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solomonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). With respect to the prejudice prong, the defendant must demonstrate a reasonable probability that but for counsel's errors the result of the proceedings would have differed. *Id*. at 663-664.

On appeal, defendant points to the description of an expert witness's testimony on the topic of susceptibility and false memories in *People v Carver*, unpublished per curiam opinion of the Court of Appeals, issued August 29, 2017 (Docket No. 328157). In *Carver*, unpub op at 2, defense counsel did not call the expert at trial. Rather, appellate counsel located the expert who then testified at a *Ginther* hearing. The expert testified at length about the suggestibility of preschool-age children in general and the modes by which false memories are created. *Id*. at 3. He then reviewed the child victim's statements and formed an opinion about the accuracy of the child's accusations. *Id*. at 4.

Even if defendant could "borrow" the expert witness in *Carver* to explain the need for an expert witness in sexual abuse cases involving young children, defendant could not hang his hat on that expert's assessment of the accuracy of the *Carver* victim's allegations. No expert has reviewed DP's statements and forensic interview or rendered an opinion regarding whether this particular child's accusations against defendant are real, accurate memories. Defendant has neither named an expert witness nor provided an expert's affidavit to support his claim. It is mere conjecture that defense counsel could have found an expert witness who would testify that DP's description of the sexual abuse was incredible. Absent a real assessment, defendant cannot establish the requisite prejudice to warrant a new trial.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant further contends that the prosecutor presented insufficient evidence to support his conviction. Generally, a defendant need not take any action to preserve a challenge to the sufficiency of the evidence, but defendant in this case requested and was denied a directed verdict. We review such challenges de novo, viewing the evidence in a light most favorable to the prosecution "to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). See also *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). All conflicts in the evidence are resolved in favor of the prosecution, and all circumstantial evidence and reasonable inferences drawn therefrom can establish satisfactory proof of the crime. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016).

Defendant's challenge focuses only on the credibility of the young victim. However, assessing the credibility of the witnesses is the sole province of the trier of fact as the trier of fact, and not the appellate court, has the opportunity to observe the witnesses first-hand. *People v Lemmon*, 456 Mich 625, 642-643; 576 NW2d 129 (1998); *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). "Evidence of guilt in child molestation cases is typically hard to come by because in most cases the only witness is the victim, whose testimony may not be available, helpful, or deemed credible because of his or her age." *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). Yet, "[t]he victim's testimony *alone* can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016) (emphasis added). The prosecution need not corroborate the victim's testimony in cases arising under MCL 750.520b. MCL 750.520h.

DP testified that defendant committed an act of sexual penetration with him—fellatio. The jury believed that testimony and therefore convicted defendant of CSC-1. We may not interfere with that judgment.

We affirm.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-3-