*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 23, 2023

Plaintiff-Appellee,

v

No. 359216
Kent Circuit Court
LC No. 20-006306-FH

BRIAN DAVID BUSHMAN,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of operating a motor vehicle while intoxicated (OUIL), third offense, MCL 257.625(1). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 365 days in jail followed by three years' probation. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On August 11, 2020, Katie Hurley observed defendant's truck parked outside her home. She had not seen the truck arrive, but saw it parked partially in her driveway and jutting out into the street. The vehicle's engine was running, the radio and lights were on, and the keys were in the ignition. Hurley called the police to investigate.

When police officers arrived, they found defendant sleeping on the front seat of the truck; it was a full bench seat and defendant was lying down. Defendant's head was by the steering wheel and his feet were by the passenger side door. It was difficult for police officers to wake defendant up, and when awakened he was lethargic and would not follow instructions. A full and unopened container of liquor, as well as an open can of beer, were found inside the truck. Defendant refused both field sobriety testing and chemical testing. Officers obtained a warrant to draw defendant's blood. When tested, defendant's blood alcohol level was 0.376 grams of alcohol per 100 milliliters of blood. After defendant had been taken to the hospital and then brought to the police station (several hours after he was first discovered by the police), defendant for the first time claimed that someone else was driving that night. He was unable to give any additional details, such as the name of the person who drove him or where the person went.

At trial, the prosecution repeatedly stated its theory that defendant had driven himself to the location where he was discovered by the police, and that he was intoxicated while doing so. The prosecution also specifically declined to argue that defendant was "operating" the vehicle at the time the police discovered him sleeping in the parked truck. Defendant argued to the jury that the prosecution had not proven beyond a reasonable doubt that he had operated the truck, emphasizing that he was sleeping and not in control of the truck when discovered by police. The trial court instructed the jury that "[o]perating means driving or having actual, physical control of the vehicle."

Defendant was convicted and sentenced as described. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence presented to prove beyond a reasonable doubt that he had operated a vehicle while intoxicated. We disagree. This Court reviews de novo a challenge to the sufficiency of the evidence, *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010), to determine whether a rational trier of fact could justify finding the defendant guilty beyond a reasonable doubt, *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992). Juries, who actually witness the testimony given, are better suited to weigh and judge the credibility of the evidence presented; this Court therefore views the evidence supporting a conviction in the light most favorable to the prosecution. *Wolfe*, 440 Mich at 514-515. "All the elements of an offense may be proved beyond a reasonable doubt by circumstantial evidence and reasonable inferences therefrom." *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004).

MCL 257.625(1) provides that a person who is intoxicated "shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles[.]" A person is intoxicated when "under the influence of alcoholic liquor," MCL 257.625(1)(a), or when "[t]he person has an alcohol content of 0.08 grams or more per 100 milliliters of blood," MCL 257.625(1)(b). Here, it is undisputed that defendant was under the influence of alcohol that evening. It is also undisputed that defendant's truck was discovered on a highway or a place generally accessible to a motor vehicle; it was found in a neighborhood partially on the road. Therefore, the only element that is in dispute is whether the prosecution provided sufficient evidence that defendant was "operating" the vehicle while intoxicated.

In *People v Wood*, 450 Mich 399, 401; 538 NW2d 351 (1995), the Michigan Supreme Court addressed whether the defendant was "operating" a motor vehicle while he was unconscious. The defendant was found sitting in the driver's seat of a vehicle, unconscious, at a drive-through window. *Id*. at 402. The engine was running, he was slumped over, and the transmission was in drive. *Id*. The only thing keeping the vehicle from moving was the defendant's foot on the brake. *Id*. The Supreme Court concluded that the term operating "should be defined in terms of the danger the OUIL statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property." *Id*. at 404. The Supreme Court went on to say that "[o]nce a person using a motor vehicle as a motor vehicle has put the vehicle into motion, or in a position posing a significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk." *Id*. at 404-405. The Supreme Court then explained that the defendant was operating the vehicle, even while sleeping,

because he had not returned his vehicle to a position of safety; the vehicle could have caused an accident if his foot had slipped off the brake. *Id*. at 405.

In *Solmonson*, the defendant was discovered unconscious in the driver's seat of his vehicle, which was parked "just outside the white fog lines [of the road] but was still on the road pavement." *Solmonson*, 261 Mich App at 660. There was no one else in the area, the defendant had an open can of beer between his legs, "the keys were in the ignition[,] and the engine was still warm." *Id*. at 660. The defendant admitted to drinking that night, and he never denied driving the vehicle. *Id*. At trial, defense counsel argued that someone else had driven the vehicle that night, but never presented evidence to support that claim. *Id*. at 661. Defense counsel also tried to claim that the defendant was not operating the vehicle even under the expanded definition of "operate" provided in *Wood*. *Id*. at 662. This Court held that there was enough evidence to support the defendant's OUIL conviction. *Id*. at 661. This Court then explained that the defendant's reliance on *Wood* was misplaced. *Id*. at 662. *Wood* addressed whether an individual who is asleep can be operating a vehicle; in *Solmonson*, "the prosecutor did not claim that the evidence established defendant was operating the vehicle at the point the police found him unconscious, or that the police found defendant attempting to operate a vehicle while intoxicated." *Id*. Instead, "the prosecutor argued that the evidence at trial presented a compelling circumstantial case that defendant had driven while intoxicated to the location where the police found him." *Id*.

*Solmonson* compels the same result in this case. Defendant presents the same flawed argument that the defendant presented in *Solmonson*: that defendant could not be convicted of OUIL because he was not operating his vehicle at the time the police found him. However, the prosecution repeated many times at trial that its theory was not that defendant was operating the vehicle at the time the police found him. Instead, the prosecution's theory was that there was circumstantial evidence to prove that defendant, while intoxicated, drove himself to that location before the police arrived.

Although there was no direct evidence, such as eyewitness testimony or surveillance footage, showing that defendant drove his truck and parked it in front of Hurley's house, there was sufficient circumstantial evidence presented at trial for a rational finder of fact to conclude beyond a reasonable doubt that defendant did so, and that he was intoxicated while doing so. The truck was registered to defendant, and there were no other vehicles or individuals seen at the location. When defendant was discovered, the truck was running, the keys were in the ignition, and the radio and lights were still on. It was not until he had been in police custody for hours that defendant claimed that someone else had driven him to that location, and even then he could not say what the person's name was or where he or she went. No evidence supporting the presence of another driver was presented at trial. Defendant's truck was parked within a quarter-mile of defendant's home. The totality of the evidence presented at trial enabled a rational jury to conclude beyond a reasonable doubt that defendant drove his truck before parking it in front of Hurley's house and losing consciousness. Therefore, there was sufficient evidence to convict defendant of OUIL. *Solmonson*, 261 Mich App at 661.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also claims that he was denied the effective assistance of counsel when his trial counsel failed to request that the expanded definition of "operate" outlined in *Wood* be

incorporated into the jury instructions. We disagree. Because defendant failed to move in the trial court for a new trial or evidentiary hearing regarding his trial counsel's alleged ineffectiveness, and failed to file a motion in this Court to remand for a *Ginther*[1] hearing, defendant's claim of ineffective assistance of counsel is unpreserved. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "This Court reviews an unpreserved ineffective-assistance-of-counsel claim for errors apparent on the record." *People v Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Leblanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews the trial court's findings of fact for clear error, and reviews de novo questions of law. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

"Both the Michigan [Const 1963, art 1, § 20] and the United States Constitutions [US Const, Am VI] require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). To succeed on an ineffective assistance of counsel claim and be granted a new trial, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id*.; see also *Strickland v Washington*, 466 US 668, 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant's counsel is "presumed effective," and the defendant has the burden of overcoming that presumption. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Further, "[t]he defendant must [also] overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). "[T]his Court neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight." *Id*. However, "a court cannot insulate the review or counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-89; 870 NW2d 858 (2015).

In this case, defendant claims that his trial counsel's performance fell below an objective standard of reasonableness, and was thus ineffective, when he failed to request a more detailed jury instruction on the definition of "operating." Specifically, defendant argues that his trial counsel should have requested that the expanded definition of the term, taken from *Wood*, be included in the jury instructions. We disagree.

A trial court is obligated to give instructions on any theory or defense supported by the evidence upon request. *People v Ogilvie*, __ Mich App __, __; __ NW2d __ (2022) (Docket No. 354355); slip op at 3. As discussed earlier, the issue in *Wood* was whether the defendant could be

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"operating" a vehicle at the time he was unconscious; the Supreme Court concluded that an unconscious defendant could be found to be operating a vehicle if he had not yet returned his vehicle to a position of safety. *Wood*, 450 Mich at 404-405. But in this case, as in *Solmonson*, the prosecution did not argue that defendant was "operating" the vehicle while he was unconscious. Instead, the prosecution argued that the jury could infer that defendant had operated his truck while intoxicated *before* he became unconscious and before his encounter with the police. It was accurately stated in the jury instructions that driving a vehicle is considered "operating" a vehicle. Therefore, there was no reason for defendant's trial counsel to request that definition of "operating" found in *Wood* be included in the jury instructions. Defendant has not established either that his trial counsel's performance was deficient or that he was prejudiced by his counsel's failure to request such an instruction.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford