*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY DEVONTAY ALEXANDER,

Defendant-Appellant.

UNPUBLISHED
July 08, 2025
10:35 AM

No. 369365
Genesee Circuit Court
LC No. 2022-049946-FC

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of second-degree murder, MCL 750.317, felon-in-possession of a firearm, MCL 750.224f, felon-in-possession of ammunition, MCL 750.224f(6), and three counts of possession of a firearm during the commission of a felony, second offense, MCL 750.227b(1). We affirm.

## I. BACKGROUND

Defendant's convictions arise from the shooting death of Nathan Rye. At the time of the shooting, Rye was temporarily living at the home of defendant's close friend, Jordan Albro. One night, while Rye and his off-and-on-again girlfriend were in Rye's bedroom, Rye heard defendant and Alexys Chapman loudly arguing in the living room. Rye left his bedroom and confronted defendant, in response to which defendant told Rye to leave. Rye refused, and defendant shot at Rye then fled the home. Two bullets struck Rye, killing him. Defendant was arrested later the same day. At defendant's trial, he testified that he shot Rye in self-defense. The jury apparently did not believe defendant because it found defendant guilty as detailed above. This appeal followed.

## II. IMPEACHMENT EVIDENCE

Defendant first challenges the trial court's decision to allow certain impeachment evidence. A trial court's decision to admit evidence is reviewed for an abuse of discretion. *People v Martzke*, 251 Mich App 282, 286; 651 NW2d 490 (2002). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469

Mich 247, 269; 666 NW2d 231 (2003). Preliminary questions about "whether a rule of evidence precludes the admission of evidence" presents a question of law, reviewed de novo. *People v Wilder*, 502 Mich 57, 62; 917 NW2d 276 (2018) (quotation marks and citation omitted).

At defendant's trial, Albro and Chapman testified about whether defendant had a gun on the day of the shooting. Albro testified that he had never seen defendant with a gun, and Chapman gave varying accounts of whether she saw defendant with a gun—she testified on direct that she did not see defendant or Rye with a gun before Rye was shot, then testified on cross-examination that she did not see defendant with a gun but saw Rye brandish a firearm, then later still testified that both defendant and Rye had guns.

After these witnesses testified, the prosecution called Burton Police Detective Todd Claerhout. Over defendant's objection, Claerhout testified that Albro told him in an interview that defendant had a pistol on the night of the shooting, and that defendant always had a pistol with him. As for Chapman, Claerhout testified (again over defendant's objection) that she told Claerhout during an interview that she did not see any guns because she fled the house as soon as the confrontation became apparent.

On appeal, defendant argues that Claerhout's testimony was improper impeachment evidence because it concerned specific instances of misconduct but did not meet the standard for admitting such testimony under MRE 608(b). But Claerhout's contested testimony clearly did not concern specific instances of misconduct—he testified about the witnesses' prior inconsistent statements. Extrinsic evidence of a witness's prior inconsistent statement is admissible under MRE 613(b). Because defendant fails to address the applicable rule, he has not, and cannot, establish error warranting relief.[1]

## III. PROSECUTORIAL MISCONDUCT

Defendant next contends that the prosecution committed misconduct while cross-examining defendant. Defendant objected to the prosecutor's conduct that he takes issue with on appeal, so we will treat the issue as preserved. See *People v Solloway*, 316 Mich App 174, 201; 891 NW2d 255 (2016). Preserved issues of prosecutorial misconduct are reviewed "de novo to determine if the defendant was denied a fair and impartial trial." *People v Thomas*, 260 Mich App 450, 453; 678 NW2d 631 (2004).

"The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Issues of prosecutorial misconduct are decided case by case, and this Court must evaluate a prosecutor's alleged misconduct in context. *Solloway*, 316 Mich App at 201.

---

[1] Additionally, any error in the admission of evidence only warrants reversal if it appears that it is "more probable than not that the error was outcome determinative," *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999), and defendant fails to explain how any error in the admission of Claerhout's contested testimony was outcome determinative.

Defendant contends that the prosecutor committed misconduct by cross-examining defendant as follows:

> *Q*. So you had [Chapman's] phone [upon leaving]?
>
> *A*. Yep.
>
> *Q*. You didn't drive three blocks and call anyone?
>
> *A*. No, I did not.
>
> *Q*. You didn't call 911?
>
> *A*. No.
>
> *Q*. You didn't call the police and say I just shot a gun?
>
> *A*. No, I did not.
>
> *Q*. You never told them where your gun was?
>
> *A*. I don't recall. No.
>
> *Q*. And you never told them that it was self-defense?
>
> *A*. No.
>
> *Q*. Twelve hours passed before the police put you into custody and you never told anybody authority wise about what happened at that house.

After this last statement, defense counsel objected. An off-the-record discussion ensued, and afterwards, the prosecution moved on to a different line of questioning.

On appeal, defendant argues that the prosecutor committed misconduct because he was essentially questioning defendant about his silence, which violated defendant's right against self-incrimination. A defendant's right against self-incrimination is enshrined in both the United States and Michigan Constitutions. See US Const, Am V; Const 1963, art 1, § 17. To preserve this right, a prosecutor is not allowed to use a defendant's postarrest, post-*Miranda*[2] silence against a defendant absent certain exceptions. *People v Solmonson*, 261 Mich App 657, 664; 683 NW2d 761 (2004). This prohibition, however, does not extend to silence that "occurred before any police contact." *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003).

Defendant's argument fails for the simple reason that the prosecutor's disputed questioning clearly concerned defendant's prearrest conduct and silence. This is confirmed by the prosecutor's

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

final statement, in which the prosecutor emphasized that defendant never told anyone that he shot someone in self-defense in the 12 hours that passed between the shooting and when "police put [defendant] into custody." The prosecutor never referred to defendant's remaining silent while in police custody. Because the prosecutor permissibly asked defendant about his silence before he had contact with police, see *id.*, defendant has failed to identify an instance of prosecutorial misconduct, let alone misconduct that deprived him of a fair trial.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin